UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY CONCRETE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROAD AND HIGHWAY BUILDERS, LLC, <br><br> Defendant. | No. 1:16-cv-01374-DAD-MJS <br><br> <u>TENTATIVE PRE-TRIAL ORDER</u> |
| ROAD AND HIGHWAY BUILDERS, LLC, <br><br> Counter-claimant, <br><br> v. <br><br> CENTRAL VALLEY CONCRETE, INC., <br><br> Counter-defendant. | |

On January 8, 2018, the court conducted a final pretrial conference. Attorney Cory Chartrand appeared as counsel for plaintiff/counter-defendant Central Valley Concrete, Inc. ("CVC"); attorney Carl M. Hebert appeared as counsel for defendant/counter-claimant Road and Highway Builders, LLC ("RHB"). Having considered the parties' joint pretrial statement and having heard from counsel at that conference, the court issues this tentative pretrial order.

/////

1

On August 16, 2016, plaintiff initiated this action in Merced County Superior Court against defendant and Does 1–10, alleging that defendant failed to pay it an outstanding balance of $130,687.19 which was due and owing. (Doc. No. 1 at 5, ¶¶ 1–2.) In that action, plaintiff asserted five causes of action under California state law: (i) breach of written contract; (ii) breach of oral contract; (iii) account stated; (iv) common counts—work, labor, services; and (v) quantum meruit. (*Id.* at 6–8.) On September 15, 2016, defendant removed the action from state court to this federal court on the basis of diversity jurisdiction. (*Id.* at 2.) On the following day, defendant filed an answer and counterclaim against plaintiff, alleging a single claim for breach of contract. (Doc. Nos. 3–4.)

I. JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. § 1332(a). Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1391. Venue is not contested.

II. JURY

Plaintiff has requested a jury trial. The jury will consist of eight jurors.

III. UNDISPUTED FACTS

1. Defendant is a heavy engineering contractor based in Nevada that specializes in highway design, construction, and maintenance.
2. Plaintiff is a trucking contractor based in California.
3. In 2014, defendant was the successful bidder on a Federal Highway Administration ("FHA") project to rehabilitate a portion of U.S. Highway 120 in Yosemite National Park, located in Mariposa and Tuolumne Counties of California.
4. The FHA name for the project was "Tioga Pass Road."
5. As part of the construction, defendant required aggregate and paving materials to be moved to a job site on Highway 120.
6. In March 2014, defendant solicited bids from trucking contractors for this portion of the project.

/////

2

7. In response, in March, 2014, plaintiff submitted a quotation to defendant, which was accepted and signed by both parties in March, 2015.
8. Defendant subsequently issued a purchase order in March 2015 that included the quantities of aggregate and paving materials for the project and the terms and conditions by which the parties would by bound.
9. The purchase order was signed by representatives from both plaintiff and defendant.
10. The Tioga Pass Road project ultimately required 43,072.01 tons of material to be transported to the job site.
11. Between March 12, 2015, and August 12, 2015, plaintiff hauled only 35,342.5 tons of material to the site.
12. In mid-2015, defendant began contracting with other hauling companies to move material that plaintiff had not yet transported.

IV. DISPUTED FACTUAL ISSUES

1. Whether plaintiff was to be the exclusive hauler on the project.
2. Whether plaintiff was ever provided a paving schedule.
3. Whether plaintiff was ever provided with definitions of "Method 1" and "Method 2" as those terms appear in defendant's purchase order.
4. The daily quantity of trucks plaintiff was to provide.
5. How much advance notice defendant was to give plaintiff for trucks needed.
6. Whether non-bottom dump transport was to be paid by the hour or by the ton.
7. Whether plaintiff was ever provided a completion date for the "Tioga Pass Project."
8. Whether plaintiff was ever provided the "Summary of Quantities, Schedule B."
9. Whether defendant ever complained, orally or in writing, concerning plaintiff's performance during the project.
10. The amount plaintiff is owed/was underpaid for plaintiff's services.
11. The fair market value of plaintiff's services.

12. Whether the Purchase Order of March 12, 2015 is an enforceable contract.
13. Whether plaintiff breached a trucking contract with defendant by failing to timely transport all of the paving materials required on the project.
14. The amount due to defendant under its counterclaim for breach of the trucking contract.

V. DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*. The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. Any motions *in limine* counsel elects to file shall be filed no later than **21 days before trial**. Opposition shall be filed no later than **14 days before trial,** and any replies shall be filed no later than **10 days before trial**. Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

Plaintiff's Anticipated Motions in Limine

1. Relevance of the opinion of defendant's expert, Brian Ady, concerning the capacity of the paver used by defendant.
2. Admissibility of the legal conclusion/opinion of defendant's expert, Michael Pack, that the defendant's purchase order "supersedes" the plaintiff's signed quotation.
3. Plaintiff will move to exclude from evidence and consideration all extrinsic contractual documents such as paving schedules and the Summary of Quantities, Schedule B, which were never provided to plaintiff during the course of construction, were not a part of the contract documents, and were not incorporated by reference into the contract documents.

Defendant's Anticipated Motions in Limine

1. The admissibility of any parol evidence used to dispute the clear terms of the Purchase Order of March 12, 2015.

/////
/////

VI. SPECIAL FACTUAL INFORMATION

Pursuant to Local Rule 281(b)(6), the following special factual information pertains to this action:

(A) <u>Plaintiff's Version of the Terms of the Contract</u>: Plaintiff believes the terms of the contract were as stated on its quotation, which was signed by the defendant: payment of $18.50 per ton, plus 8% for all material transferred by bottom dump trucks and payment of $120.00 per hour, plus 8% for all material hauled by other trucks (transfers, 10 wheelers, side drop and seed bed). By the time the contract was entered (a year after the project commenced), plaintiff no longer had the understanding that it would be the exclusive hauler on the job, since other haulers had already worked on the project and completed portions of the project. Plaintiff believed that the terms of its quotation were the same as defendant's purchase order. There were many terms of the defendant's purchase order which were not defined. Plaintiff now understands that defendant claims there were many terms to the parties' contract which are not set forth in any of the contract documents. If the court determines that there was no "meeting of the minds" and no contract, plaintiff seeks recovery under quantum meruit for the fair value of its services which defendant has refused to pay.

<u>Defendant's Version of the Terms of the Contract</u>: The contract was the Purchase Order of March 12, 2015 by which plaintiff agreed to timely haul all of the asphalt contract and aggregate base to the work site. Payment was by the ton (unit price), with no standby charges.

(B) <u>Modifications and Collateral Agreements</u>: Plaintiff does not claim any oral or written modifications or that there were any applicable collateral agreements. It is, however, now clear that the terms of the two written agreements are not the same, the parties' intentions were not the same, and if it is determined that the terms of plaintiff's quotation do not apply, there was no "meeting of the minds." Defendant

/////

5

|   |     | does not claim any oral or written modifications or collateral agreements. The contract was the Purchase Order only. |
|---|---|---|

    (C) <u>Misrepresentations of Fact, Mistake, or Other Matters Affecting Validity</u>: Plaintiff does not claim any misrepresentations of fact, unless one considers defendant's signing of plaintiff's quotation, indicating an intent to be bound to that quotation and then sending over a completely different purchase order with the intent that it change or supersede the terms already agreed upon, to be a misrepresentation. Defendant's reliance on terms which are not in the written agreements and terms which are ambiguous and not defined in the written agreements certainly affects the validity of defendant's version of the agreement. Defendant does not claim any misrepresentations of fact, mistake, or other matters affecting the validity of the Purchase Order contract.

    (D) <u>Any Breach of Contract</u>: Both sides claim breaches. Plaintiff contends that defendant breached the obligation to pay plaintiff pursuant to the terms contained in the plaintiff's quotation for hourly use of transport trucks other than bottom-dump dump trucks and short-paid or underpaid plaintiff on the contract. Defendant claims that plaintiff breached obligations to be the exclusive hauler and to provide forty to sixty trucks per day. Plaintiff disputes that either of these terms were part of a contract between the parties. Defendant asserts that the Purchase Order contained all of the quantities specified by the Federal Highway Administration for asphalt concrete and aggregate base and that the plaintiff knew that it was the exclusive hauler and breached its obligation.

    (E) <u>Waiver or Estoppel</u>: Neither plaintiff or defendant claims any waiver or estoppel.

    (F) <u>Relief Sought</u>: Plaintiff seeks contract damages for the amounts it was underpaid pursuant to plaintiff's quotation, together with late finance charges, prejudgment interest, and attorney's fees. Alternatively, plaintiff seeks the fair value of the services it provided and for which it did not receive payment under common counts/quantum meruit causes of action. Defendant seeks damages under its

counterclaim for additional expenses on the project, including work crew downtime, additional materials costs, increased hauling/trucking expenses, increased administrative time, increased supervisory time, and other delay expenses. Defendant also seeks attorney's fees under § 11 of the Purchase Order contract.

    (G) <u>The Measure of Restitution or Damages and an Itemized Statement of the Elements Thereof</u>.

<u>Plaintiff</u>:

| | | |
|---|---|---|
| i. | Total principal unpaid invoices/contract damages: | $110,802.24 |
| ii. | Total finance charges: | $46,020.72 |
| iii. | Prejudgment interest to date: | $25,069.10 |
| iv. | **Total damages exclusive of attorney's fees and costs:** | **$181,892.06** |

<u>Defendant</u>:

| | | |
|---|---|---|
| i. | Paving crew costs (15 days) | $366,010.37 |
| ii. | Additional traffic control | $30,379.28 |
| iii. | Additional quality control | $82,231.89 |
| iv. | Additional trucking charges (Dan Palmer Trucking) | $45,906.40 |
| v. | Additional trucking charges (GCU Trucking) | $16,230.49 |
| vi. | Incorrect billings by plaintiff | $79,903.82 |
| vii. | Lost asphalt due to plaintiff truck breakdowns | $6,776.00 |
| viii. | General charges for extra office staff and equipment | $46,011.35 |
| ix. | Home office overhead as a % of total cost | $67,344.96 |
| x. | **Total damages exclusive of attorney's fees and costs** | **$740,794.56** |

VII. <u>RELIEF SOUGHT</u>

See Section VI(F) and (G), above.

VIII. <u>POINTS OF LAW</u>

All claims and defenses arise under state law. All of plaintiff's claims are brought against the defendant, and defendant's counterclaim is brought against plaintiff.

1. The elements of, standards for, and burden of proof in an action for breach of a written contract.
2. The elements of, standards for, and burden of proof in an action for breach of an oral contract.
3. The elements of, standards for, and burden of proof in an action for account stated.
4. The elements of, standards for, and burden of proof in an action for common count.
5. The elements of, standards for, and burden of proof in an action for quantum meruit.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

IX. ABANDONED ISSUES

None.

X. WITNESSES

The parties have submitted the following as witnesses:

1. Brandon Williams
2. Custodian of Records/Person Most Knowledgeable at George Reed, Inc.
3. Barry Vazquez
4. Dean Conard
5. Richard Wilson
6. Steve Blakely
7. Terry Smith
8. Layman Light
9. Darla Lunsford
10. Bryan Ady
11. Michael Pack
12. Richard Buenting

13. Plaintiff disclosed the names of forty-five truck drivers who hauled on this project/contract in its initial disclosures, and reserves the right to call at least three of any of the forty-five truck drivers previously listed.[1]

Each party may call any witnesses listed above.

A. **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

   (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

   (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

B. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

   (1) The witness could not reasonably have been discovered prior to the discovery cutoff;

   (2) The court and opposing parties were promptly notified upon discovery of the witness;

   (3) If time permitted, the party proffered the witness for deposition; and

   (4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

/////

/////

/////

---

[1] Although not discussed at the final pretrial conference, the court now notes that this identification of trial witnesses is insufficiently specific. In its objections plaintiff is directed to specifically identify by name the individual drivers that it may elect to call as witnesses at trial.

9

XI. <u>EXHIBITS, SCHEDULES, AND SUMMARIES</u>

<u>Plaintiff's Exhibits</u>

1. Central Valley Concrete signed quotation
2. Road and Highway Builders' signed Purchase Order
3. Central Valley Concrete's December 22, 2015 final invoice
4. Spreadsheet of Road and Highway Builders' deductions
5. Central Valley Concrete job order sheets and dispatch sheets for days when trucks were ordered on the Tioga Pass Project
6. History ticket inquiry subpoenaed from George Reed, Inc. showing all trucking companies who hauled material on the Tioga Pass Project
7. History ticket inquiry subpoenaed from George Reed, Inc. showing the dates material was hauled for the Tioga Pass Project
8. Invoices to Road and Highway Builders subpoenaed from George Reed, Inc. for the Tioga Pass Project
9. Spreadsheet of work/scheduled dates attached as Exhibit A to Plaintiff's Reponses to Special Interrogatories
10. Spreadsheet of subhaulers and dates worked attached as Exhibit B to Plaintiff's Responses to Special Interrogatories
11. Nine page email string between Brandon Williams, Richard Buenting, Darla Lundsford and Barry Vasquez from August 25, 2015 through December 22, 2015
12. Two page email string between Darla Lundsford and Kim Krauser and attachment between April 8, 2015 and July 9, 2015
13. July 23, 2015 email from Darla Lundsford to Kim Krauser
14. Eight page email string between Darla Lundsford, Richard Bunting, Barry Vasquez and Barry Williams from August 25, 2015 through December 21, 2015
15. Seven page email string between Darla Lundsford, Richard Bunting, Barry Vasquez and Barry Williams from August 25, 2015 through December 21, 2015

/////

16. Four page email string between Darla Lundsford, Brandon Williams and Barry Vasquez from August 25, 2015 through November 19, 2015
17. All invoices from Central Valley Concrete, Inc. to Road and Highway Builders
18. All weight tags and delivery tickets for the project
19. Summary/schedule of payments received from Road and Highway Builders
20. Credit application of Road and Highway Builders
21. Collection of plaintiff's subhauler agreements
22. Plaintiff's damages spreadsheets.

<u>Defendant's Exhibits</u>

1. Any or all of the exhibits listed by the plaintiff above.
2. Defendant's damages calculations, spreadsheets, and supporting documents.

At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. No exhibit shall be marked with or entered into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating joint exhibits. Plaintiff's exhibits shall be listed numerically and defendant's exhibits shall be listed alphabetically. All exhibits must be pre-marked. The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than **28 days before trial**. Any objections to exhibits are due no later than **14 days before trial**. The final exhibits are due **March 1, 2018**. In making any objection, the party is to set forth the grounds for the objection. As to each exhibit which is not objected to, it shall be marked and received into evidence when offered at trial and will require no further foundation.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria**

A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

|   |   |     |     |   |
|---|---|-----|-----|---|
| 1 |   | (1) | The party proffering the exhibit demonstrates that the exhibit is for the |
| 2 |   |     | purpose of rebutting evidence that could not have been reasonably |
| 3 |   |     | anticipated, or |
| 4 |   | (2) | The exhibit was discovered after the issuance of this order and the |
| 5 |   |     | proffering party makes the showing required in paragraph B, below. |

B.  Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

(1) The exhibits could not reasonably have been discovered earlier;

(2) The court and the opposing parties were promptly informed of their existence;

(3) The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties

XII. DISCOVERY DOCUMENTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

Plaintiff may use the following discovery document at trial:

1. Documents subpoenaed from George Reed, Inc.

Defendant may use the following discovery document at trial:

1. Plaintiff's answers to interrogatories, set one, and the plaintiff's responses to requests for production.

XIII. FURTHER DISCOVERY OR MOTIONS

Plaintiff does not intend any further discovery or motions, other than motions *in limine* as discussed in Section V. Defendant does not intend any further discovery or motions.

/////

1 | XIV.   STIPULATIONS

    None.

XV.    AMENDMENTS/DISMISSALS

    Plaintiff will dismiss all DOE defendants prior to trial.

XVI.   SETTLEMENT

    The parties have met and conferred concerning mediation and have agreed to participate in mediation and/or a settlement conference before a magistrate. The parties are directed to contact the chambers of the assigned magistrate judge to schedule a mandatory settlement conference before a magistrate judge of this court as soon as possible.

XVII.  JOINT STATEMENT OF THE CASE

    Because there are numerous disputed factual issues, the parties agree that a joint statement of the case is neither feasible nor advisable. Nonetheless, the parties are directed to meet and confer and arrive at an agreed upon neutral statement describing the case to be read to jury by the court panel during voir dire.

XVIII. SEPARATE TRIAL OF ISSUES

    None.

XIX.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

    None.

XX.    ATTORNEYS' FEES

    Both sides seek attorney's fees pursuant to contractual provisions.

XXI.   TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

    A protective order will only be sought if a party's private, proprietary, or trade secret information is introduced into evidence. If unredacted versions of private, proprietary, or trade secret information are introduced, a protective order protecting the confidential nature of such information will be sought.

XXII.  MISCELLANEOUS

    N/A

/////

XXIII. ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for **June 5, 2018**, at 1:00 p.m. in Courtroom 5 before the Honorable Dale A. Drozd. Trial is expected to last 5–7 days. The parties are directed to Judge Drozd's standard procedures available on his webpage on the court's website.

Counsel are to call Renee Gaumnitz, courtroom deputy, at (559) 499-5652, one week prior to trial to ascertain the status of the trial date.

XXIV. PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury *voir dire* **7 days before trial**. Counsel for each party will be limited to fifteen minutes of supplemental jury *voir dire* in addition to that conducted by the court.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts." To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority. When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXV. TRIAL BRIEFS

As noted above, trial briefs are due **7 days before trial**.

XXVI. OBJECTIONS TO PRETRIAL ORDER

Each party is granted **14 days from the date of this order** to file objections to the same. Each party is also granted **7 days thereafter** to respond to the other party's objections. If no

14

objections are filed, the order will become final without further order of this court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated: **January 12, 2018**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE